IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES ARTHUR STEVENS, #1062711, )
      Petitioner, )
       )
v. )     3:07-CV-1665-M
 )     ECF
NATHANIEL QUARTERMAN, Director, )
Texas Department of Criminal Justice, )
Correctional Institutions Division, )
      Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Pursuant to a plea agreement, Petitioner pled nolo contendere to aggravated robbery with a deadly weapon, and pled true to the enhancement paragraphs in the 4th Criminal District Court of Dallas County, Texas, in cause number F91-01719-JK. *Stevens v. Dretke*, 3:04cv1727-N (N.D. Tex. Nov. 22, 2005), findings, conclusions and recommendation

accepted (Dec. 16, 2005). On October 24, 1991, the trial court accepted the plea, deferred a finding of guilt, and placed Petitioner on ten years deferred-adjudication probation. (*Id.*). On September 20, 2001, Petitioner pled true to the violations of his probation alleged in the state's motion to proceed with an adjudication of guilt. (*Id.*). The court then adjudicated Petitioner guilty of aggravated robbery with a deadly weapon and sentenced him to ninety-nine years imprisonment. Petitioner appealed. (*Id.* and Pet. at 2). On January 14, 2003, the Fifth District Court of Appeals affirmed. (*Id.*).

Thereafter, on December 30, 2003, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, which the Court of Criminal Appeals denied on July 7, 2004. *Ex parte Stevens*, No. 58,451-01. On August 9, 2004, Petitioner filed a federal habeas petition pursuant to § 2254 challenging his conviction and sentence. The District Court dismissed the claims challenging the original plea as barred by one-year statute of limitations, and denied on the merits the claims relating to the revocation proceedings. *Stevens v. Dretke*, 3:04cv1727-N (N.D. Tex. Nov. 22, 2005), findings, conclusions and recommendation accepted (Dec. 16, 2005). The Fifth Circuit denied a certificate of appealability on November 13, 2006, and the Supreme Court denied a writ of certiorari on April 16, 2007. *See* No. 06-10078.

In the present petition for a writ of habeas corpus, filed on October 1, 2007, Petitioner again seeks to challenge his sentence in No. F91-01719. He alleges the trial court erred in making "an affirmative finding of a deadly weapon" at the revocation proceedings, and the Court of Criminal Appeals erred in denying his petition for writ of mandamus in connection with his request for a nunc pro tunc order. (Pet. at 7).

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996

2

limits the circumstances under which a prisoner may file a second or successive application for post-conviction relief. *See* 28 U.S.C. § 2244(b) (West 2007). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in the district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 26th day of October, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.